[772 NYS2d 858]

In the Matter of DAVID R. JAMPOL, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, March 15, 2004

## APPEARANCES OF COUNSEL

*Robert P. Guido*, Syosset (*Muriel L. Gennosa* of counsel), for petitioner.

*David R. Jampol*, Hauppauge, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

David R. Jampol has submitted an affidavit dated December 3, 2003, in which he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9).

The respondent has been informed by the petitioner that evidence of professional misconduct on his part has been adduced by its ongoing investigation and that he would be the subject of charges in a disciplinary proceeding against him.

On five occasions between June 2002 through March 2003 the respondent was entrusted with escrow funds concerning pending real estate transactions totalling $64,122.97. In November 2002 he received settlement funds from which he was obligated to pay the prior attorney a fee of $5,000, upon receipt. In all six matters, the respondent failed to preserve the funds entrusted to him. Rather, he converted and misappropriated those funds for purposes other than those for which they were intended. The respondent issued checks for personal debts and failed to properly maintain and preserve the required bank and bookkeeping records.

The respondent acknowledges that he cannot successfully defend himself on the merits of any disciplinary charges initiated by the petitioner based upon the aforementioned conduct. He avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone. The respondent has discussed his decision to resign with others whose advice and counsel he respects and is fully aware of the implications of submitting his resignation, including being barred by 22 NYCRR 691.11 (a) from seeking reinstatement for at least seven years.

The resignation is submitted subject to any application which could be made by the petitioner for an order directing restitution and reimbursement to the Lawyers' Fund for Client Protection. He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The petitioner recommends that the Court accept the proffered resignation and dismiss the disciplinary proceeding autho-

rized by order of this Court dated November 25, 2003, as academic.

Inasmuch as Mr. Jampol's resignation comports with all appropriate Court rules, it is accepted and, effective immediately, David R. Jampol is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and RIVERA, JJ., concur.

Ordered that the resignation of David R. Jampol is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David R. Jampol is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that David R. Jampol shall continue to comply with the rules of this Court governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David R. Jampol is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if David R. Jampol has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).